**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-6187**

_____

FERNANDO BUSTILLO,

              Plaintiff – Appellant,

        v.

ART BEELER; ANTHONY SCARANTINO; MAILROOM SUPERVISOR SKS;
KRYSTAL MCCAIGHT; TUCKER HILL; J. GREEN; S. BRANTLEY; MAITE
SERRANO-MERCADO; WALTER WOODROW BURNS, JR.; MACK BONNER;
ROBERT WALASIN; KENNETH MERITSUGU; W. ANDES; RACHEL
SPILLER; DEBBIE IVY,

              Defendants – Appellees,

        and

NURSE/PA BAH,

              Defendant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge.  (5:08-ct-03097-BO)

_____

Submitted: August 31, 2012          Decided: October 16, 2012

_____

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

_____

Fernando Bustillo, Appellant Pro Se.  Edward D. Gray, Assistant United States Attorney, Joshua Bryan Royster, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fernando Bustillo appeals the district court's orders denying in part his motion for discovery, denying a preliminary injunction, and dismissing his claims pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). We affirm in part, vacate in part, and remand for further proceedings.

Bustillo challenges the district court's dismissal of his claims for failure to exhaust administrative remedies. "There is no question that exhaustion is mandatory under the [Prisoner Litigation Reform Act] and that unexhausted claims cannot be brought in court." Jones v. Brock, 549 U.S. 199, 211 (2007); see 42 U.S.C. § 1997e(a) (2006) (requiring exhaustion of available remedies). In order to exhaust, a prisoner must utilize all available steps of a multi-step grievance process according to their procedural requirements; exhaustion does not occur if the prisoner fails to follow these required steps. See 28 C.F.R. §§ 542.12 to .15 (2012); Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Exhaustion is an affirmative defense, but the district court may dismiss for failure to exhaust as long as the prisoner has been provided an opportunity to address the issue. Moore, 517 F.3d at 725.

Reviewing the record under this standard, we conclude that the district court did not err in finding that Bustillo

3

failed to exhaust his administrative remedies with regard to his claims that prison officials interfered with his access to the mail system and spread rumors that he was a "snitch." However, it is apparent from the record that the district court failed to address several of Bustillo's claims, either with regard to exhaustion of remedies or their substantive merits, and the available record is inadequate to demonstrate that these claims were properly dismissed. Thus, we vacate the district court's order and remand for consideration, in the first instance, of Bustillo's claims that: (1) defendants Andes, Bonner, Serrano-Mercado, and Walasin deliberately withheld treatment for cirrhosis; (2) defendants Spiller, Ivy, and Andes fabricated claims regarding Bustillo's inappropriate discharge of his colostomy bag; and (3) defendants Bonner, Walasin, Moritsugu, and Andes[*] wrongfully transferred him to the Federal Medical Center in Springfield and placed him in administrative segregation in retaliation for his lawsuit and in spite of his medical needs.

---

[*] While Bustillo also claimed that two other individuals were responsible for this violation as well, he does not challenge the district court's refusal to permit him to amend his complaint to include these individuals as parties. See 4th Cir. R. 34(b) (noting that arguments not raised in informal brief are waived).

4

Bustillo also challenges the district court's grant of summary judgment as to his claims that he was denied surgery to correct a hernia and effectively denied food. We have thoroughly reviewed the record and conclude the district court properly determined that no genuine factual dispute existed and that Appellees were entitled to summary judgment as to these claims. See Fed. R. Civ. P. 56(a) (standard); PBM Prods., LLC v. Mead Johnson & Co., 639 F.3d 111, 119 (4th Cir. 2011) (standard of review). We further conclude that the district court did not abuse its discretion in denying in part Bustillo's requests for discovery prior to summary judgment. See Fed. R. Civ. P. 56(d); Strag v. Bd. of Trs., 55 F.3d 943, 954 (4th Cir. 1995).

Turning to Bustillo's remaining claims—that the district court improperly denied him injunctive relief, that the court erred in permitting Appellees to submit multiple dispositive motions and to rely on waived affirmative defenses, and that certain Appellees committed perjury in the district court—we have thoroughly reviewed the record as to each of these claims and have found no reversible error. Thus, we affirm the district court's judgment as to these claims.

Bustillo also moves this court to order the prison where he is presently housed to provide access to his court files and to restore Bustillo's access to mail. We are

5

cognizant of a prisoner's right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 821-22 (1977); Bryant v. Muth, 994 F.2d 1082, 1086 (4th Cir. 1993). However, we conclude that Bustillo does not (and did not in the district court) make the showing required to justify the extraordinary remedy of injunctive relief. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008); Dewhurst v. Century Aluminum Co., 649 F.3d 287, 290 (4th Cir. 2011). Thus, we deny Bustillo's motions seeking such relief in this court.

Accordingly, we affirm the district court's judgment in part, vacate in part, and remand for further proceedings consistent with this opinion. We deny Bustillo's motions to compel access to his court files and normal correspondence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED IN PART;
REMANDED

6