**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-7351**

ANDREW TAB KILPATRICK,

             Plaintiff - Appellant,

        v.

DANNY HOLLIFIELD, Captain at Clay County Detention Center;
CLAY COUNTY DETENTION & MEDICAL STAFF,

             Defendants - Appellees.

Appeal from the United States District Court for the Western
District of North Carolina, at Bryson City.  Frank D. Whitney,
Chief District Judge.  (2:14-cv-00022-FDW)

Submitted:  January 28, 2015          Decided:  February 3, 2015

Before GREGORY, AGEE, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Andrew Tab Kilpatrick, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrew Tab Kilpatrick appeals the district court's order dismissing without prejudice his 42 U.S.C. § 1983 (2012) action for failure to exhaust administrative remedies. Because we conclude the action was dismissed prematurely, we vacate and remand.

"Whether a district court properly required a plaintiff to exhaust [his] administrative remedies before bringing suit in federal court is a question of law" that this court reviews de novo. Talbot v. Lucy Corr Nursing Home, 118 F.3d 215, 218 (4th Cir. 1997). The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his available administrative remedies before filing an action under § 1983. 42 U.S.C. § 1997e(a) (2012); Woodford v. Ngo, 548 U.S. 81, 83-85 (2006). Such exhaustion must be "proper"; that is, the prisoner must "us[e] all steps that the agency holds out[] and do[] so properly." Woodford, 548 U.S. at 90 (internal quotation marks and emphasis omitted).

Under the PLRA, failure to exhaust administrative remedies is an affirmative defense, which an inmate is not required to plead or demonstrate in his complaint. Jones v. Bock, 549 U.S. 199, 216 (2007). Rather, the defendant bears the burden to establish a prisoner's failure to exhaust. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). A district court

2

is permitted to address the issue of exhaustion sua sponte, however, and may dismiss the complaint without input from the defendant if the "failure to exhaust is apparent from the face of the complaint," and the inmate has been provided an opportunity to respond on the exhaustion issue. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 682 (4th Cir. 2005).

Our review of the record indicates that the failure to exhaust is not clear from the face of Kilpatrick's complaint and associated pleadings. Particularly, it is unclear whether the detention center that housed Kilpatrick required further administrative steps beyond filing the inmate grievance and request forms Kilpatrick apparently filed. Accordingly, we vacate the judgment of the district court and remand for further proceedings consistent with this opinion. We deny as moot Kilpatrick's motions to appoint counsel, to amend his complaint, and to supplement his complaint. We express no opinion about the merits of Kilpatrick's claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

VACATED AND REMANDED