**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6707**

CORNELIUS MAURICE COREY,

        Plaintiff – Appellant,

    v.

FAYE DANIELS; MICHAEL T. GIBBS; ERNEST RIGGS; ALICE
MUSSARI; DARRELL HOPKINS,

        Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Fox, Senior
District Judge. (5:14-ct-03265-F)

Submitted: September 24, 2015      Decided: October 6, 2015

Before DUNCAN, AGEE, and KEENAN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Cornelius Maurice Corey, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cornelius Maurice Corey appeals the district court's order dismissing his 42 U.S.C. § 1983 (2012) complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) (2012), and dismissing his amended claims without prejudice for failure to exhaust. Because we conclude that the amended claims were dismissed prematurely, we vacate in part and remand for further proceedings.

"Whether a district court properly required a plaintiff to exhaust [his] administrative remedies before bringing suit in federal court is a question of law" that this Court reviews de novo. Talbot v. Lucy Corr. Nursing Home, 118 F.3d 215, 218 (4th Cir. 1997). The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his available administrative remedies before filing an action under § 1983. 42 U.S.C. § 1997e(a) (2012); Woodford v. Ngo, 548 U.S. 81, 83-85 (2006); Porter v. Nussle, 534 U.S. 516, 532 (2002). Such exhaustion must be "proper"; that is, the prisoner must "us[e] all steps that the agency holds out[] and do[] so properly." Woodford, 548 U.S. at 90 (internal quotation marks and emphasis omitted).

Under the PLRA, failure to exhaust administrative remedies is an affirmative defense, which an inmate is not required to plead or demonstrate in his complaint. Jones v. Bock, 549 U.S. 199, 216 (2007). Rather, the defendant bears the burden to

2

establish a prisoner's failure to exhaust. <u>Moore v. Bennette</u>, 517 F.3d 717, 725 (4th Cir. 2008). A district court is permitted to address the issue of exhaustion sua sponte, however, and may dismiss the complaint without input from the defendant, if the "failure to exhaust is apparent from the face of the complaint," and the inmate is provided an opportunity to respond on the exhaustion issue. <u>Anderson v. XYZ Corr. Health Servs., Inc.</u>, 407 F.3d 674, 682 (4th Cir. 2005).

Our review of the record indicates that failure to exhaust the amended claims is not clear from the face of Corey's amended complaint and attachments, which include copies of a grievance and related documents. Further, there is no indication that Corey was given an opportunity to respond regarding exhaustion. Accordingly, we vacate the district court's dismissal of the amended claims and remand for further proceedings consistent with this opinion. We express no opinion regarding the merits of the claims. We affirm the dismissal of the claims set forth in the original complaint for the reasons stated by the district court. <u>Corey v. Daniels</u>, No. 5:14-ct-03265-F (E.D.N.C. Apr. 27, 2015). Finally, we dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before this Court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

4