<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2052**

WILLIAM C. PUMPHREY,

            Plaintiff - Appellant,

      v.

JOE COAKLEY; O. GIBSON; J. D. JAMES; J. BAILEY; B. COLEMAN; T.
TONEY; D. DUNCAN; C. SPENCER; A. LESTER; F. RIFFLE; S. DENNY; J.
GROGAN; D. AKERS; U. M. SNOW; DR. WEAVER; J. FORD; J. WILLIAMS;
E. HARVEY; HEAD; U. M. SMITH; KNOLL, and four (4) unnamed Federal Bureau
of Prisoners staff members, et. al.,

            Defendants – Appellees,

      and

UNITED STATES OF AMERICA,

            Party-in-Interest.

Appeal from the United States District Court for the Southern District of West Virginia, at
Beckley.  Irene C. Berger, District Judge.  (5:15-cv-14430)

Submitted:  March 31, 2017                         Decided:  April 11, 2017

Before KING, AGEE, and WYNN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

William C. Pumphrey, Appellant Pro Se. Christopher Crews, OFFICE OF THE UNITED STATES ATTORNEY, Beaver, West Virginia; Stephen Michael Horn, Assistant United States Attorney, Charleston, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Pumphrey, a federal prisoner, appeals the district court's order accepting the recommendation of the magistrate judge and granting summary judgment to Defendants on his claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The district court determined that Pumphrey had not exhausted his available administrative remedies, as the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2012), requires. Pumphrey argues that, to the extent that he failed to exhaust administrative remedies, those remedies were unavailable to him because prison staff delayed and destroyed his legal and interdepartmental mail, including administrative grievances and appeals, and refused to provide him the forms necessary to file the required grievances and appeals. We vacate the court's order and remand for further proceedings.

We "review[] de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 565 n.1 (4th Cir. 2015); *see Custis v. Davis*, __ F.3d __, __, No. 15-7533, 2017 WL 1097130, at *2 (4th Cir. Mar. 23, 2017) (applying de novo review to "dismissal for failure to exhaust available administrative remedies"). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Jacobs*, 780 F.3d at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine issue of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted).

3

"Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Moreover, summary judgment is not appropriate "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Id.* at 250 n.5.

In this case, Pumphrey and the prison staff members he accused of obstructing his ability to exhaust his administrative remedies filed competing affidavits regarding whether prison staff delayed or destroyed Pumphrey's mail and refused to provide Pumphrey the materials necessary to exhaust his administrative remedies. The district court found Pumphrey to be less credible than the prison staff and granted summary judgment in favor of Defendants. We conclude that the district court improperly made a credibility determination at the summary judgment stage, and without permitting discovery. *See Gray v. Spillman*, 925 F.2d 90, 95 (4th Cir. 1991) ("It is not our job to weight the evidence, to count how many affidavits favor the plaintiff and how many oppose him, or to disregard stories that seem hard to believe.").

For the foregoing reasons, we vacate the district court's judgment and remand this matter for further proceedings consistent with this opinion. We deny as moot Pumphrey's motion to submit for decision and motion seeking ruling. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

4