**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-6359

VINCENT LAMONT WOODHOUSE,

Plaintiff - Appellant,

v.

DUNCAN, Unit Manager; KISER, Warden; ARTRIP, Assistant Warden; GALLAHAR, E.B.P. Manager; SWIENY, Unit Manager; GERALDINE BAKER, T.P.S.; KISER, Lt.; STANLEY, Lt.; MILLER, Correctional Officer; SOWARDS, Counselor; STALLARD, Counselor; KEGLEY, Counselor; JONATHAN M. GIBSON, Counselor; INGRIM, Regional Administrator; J.B. MESSER, Grievance Coordinator; ADAMS, Investigator; FANNIN, Investigator Lt.; MCQUEEN, Investigator Lt.; C. MICHAEL YOUNCE, Unit Manager; HAROLD CLARKE, Director,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Michael F. Urbanski, Chief District Judge. (7:17-cv-00129-MFU-PMS)

Submitted: August 28, 2018                    Decided: November 7, 2018

Before KING and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Vincent Lamont Woodhouse, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vincent Lamont Woodhouse, a Virginia inmate, filed a 42 U.S.C. § 1983 (2012) complaint against 20 employees of the Virginia Department of Corrections ("Defendants"). Defendants moved for summary judgment on the ground, among others, that Woodhouse had not exhausted his available administrative remedies. After an evidentiary hearing, the magistrate judge agreed that Woodhouse had not exhausted his available administrative remedies and recommended granting Defendants' motion for summary judgment. The district court adopted the magistrate judge's recommendation.[1] We affirm.

The Prison Litigation Reform Act (PLRA) requires that inmates exhaust all available administrative remedies before filing an action challenging prison conditions in federal court. *See* 42 U.S.C. § 1997e(a) (2012). This exhaustion requirement "applies to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), and courts have no discretion to waive the exhaustion requirement, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). However, because "failure to exhaust is an affirmative defense under the PLRA," defendants bear the burden of establishing that a prisoner has failed to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *see Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017). "[J]udges may resolve factual disputes relevant to the

---

[1] Although the district court considered the merits of Woodhouse's objections to the magistrate judge's recommendation, it first determined that the objections were not sufficiently specific to warrant de novo review. We disagree and conclude that Woodhouse objected "with sufficient specificity so as reasonably to alert the district court of the true ground[s] for the objection[s]." *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (internal quotation marks omitted), *cert. denied*, 138 S. Ct. 738 (2018).

exhaustion issue without the participation of a jury." *Small v. Camden Cty.*, 728 F.3d 265, 271 (3d Cir. 2013).

The PLRA "requires proper exhaustion," which "means using all steps that the agency holds out, and doing so *properly*," to allow the agency a full and fair opportunity to address the issues on the merits. *Woodford*, 548 U.S. at 90, 93 (internal quotation marks omitted). "Proper exhaustion," therefore, "demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90. However, "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). Thus, an administrative remedy is considered unavailable when: (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) it is "so opaque that it becomes, practically speaking, incapable of use"; or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016).

"We review de novo a district court's dismissal for failure to exhaust available administrative remedies." *Custis*, 851 F.3d at 361. But where, as here, "the court conducts an evidentiary hearing prior to ruling, we review its findings of fact for clear error." *United States v. Ragin*, 820 F.3d 609, 617 (4th Cir. 2016). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted). "We accord a district court's findings based on assessments of

3

witness credibility the highest degree of appellate deference." *United States v. White*, 836 F.3d 437, 442 (4th Cir. 2016) (internal quotation marks omitted).

In the district court, Defendants submitted that Woodhouse filed four grievances related to the allegations in his complaint. Three of those grievances were rejected at intake and, according to Defendants, Woodhouse neither appealed the intake decisions to the Regional Ombudsman nor resubmitted the grievances. The remaining grievance was accepted into the grievance system, but Woodhouse was denied relief after Level I review. According to Defendants, Woodhouse did not appeal that decision to Level II. Woodhouse, however, asserted that he appealed his four grievances through the mail but never received a response. Finding Woodhouse's testimony incredible in this regard, the magistrate judge determined that the more likely scenario is that Woodhouse did not mail the appeals.

We have independently reviewed the record and conclude that the magistrate judge did not clearly err in finding that Woodhouse failed to appeal the three intake decisions and the Level I response.[2] The district court, therefore, properly adopted the magistrate judge's recommendation and granted summary judgment on the ground that Woodhouse failed to exhaust his available administrative remedies. Accordingly, we deny Woodhouse's motion for assignment of counsel and affirm the district court's judgment.

---

[2] Because we conclude that the magistrate judge did not clearly err in finding that Woodhouse did not mail these appeals, we decline to address Woodhouse's argument that the prison's grievance policy does not provide a procedure in the event an inmate does not receive a response from the Regional Ombudsman regarding an appeal from an intake decision.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*