**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6631**

DEVONTAY D. MYLES,

        Plaintiff - Appellant,

      v.

SGT. EDWARDS; C/O CAMPBELL; LT. JAMES WILLIAMS; SGT. TYRIEK TAYLOR; MS. BENNETT,

        Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:19-ct-03128-D)

Submitted: July 21, 2020                  Decided: July 24, 2020

Before AGEE, DIAZ, and HARRIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Devontay D. Myles, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Devontay D. Myles appeals the district court's order dismissing his amended 42 U.S.C. § 1983 (2018) complaint sua sponte for failure to exhaust his administrative remedies. Because it is not apparent from the current record that Myles failed to exhaust his available administrative remedies, we vacate the court's order and remand for further proceedings.

"We review de novo a district court's dismissal for failure to exhaust available administrative remedies." *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017). Although an inmate must exhaust his available administrative remedies before filing suit, he "does not need to demonstrate exhaustion . . . in his complaint," as "failure-to-exhaust is an affirmative defense." *Id.* We have clarified, however, that "[a] court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies." *Id.*

As the district court observed, Myles acknowledged in his original complaint that he had not exhausted his administrative remedies before filing suit. But he explained, as he does on appeal, that he was unable to do so because prison officials would not submit his grievances, raising the question of whether the grievance process was actually available to Myles. *See Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016). Although the district court correctly noted that Myles stated in a subsequent document that his grievance appeal was still pending, we conclude that the contradictions in the current record indicate that this is not one of the rare occasions where sua sponte dismissal for failure to exhaust is appropriate.

2

Accordingly, we vacate the district court's order and remand for further proceedings. We deny Myles' motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*