**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 20-7657**

───────────

JOSEPH NORMAN BROWN, III,

        Plaintiff - Appellant,

    v.

MR. CHAPMAN, Corrections Officer, Southern Regional Jail,

        Defendant - Appellee.

───────────

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Frank W. Volk, District Judge.  (5:20-cv-00332)

───────────

Submitted:  February 16, 2022               Decided:  March 18, 2022

───────────

Before WYNN and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────

Vacated and remanded by unpublished per curiam opinion.

───────────

Joseph Norman Brown, III, Appellant Pro Se.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Norman Brown, III, appeals the district court's order dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies. Because we conclude the action was dismissed prematurely, we vacate and remand.

We review a dismissal for failure to exhaust administrative remedies de novo. *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017). The Prison Litigation Reform Act requires a prisoner to exhaust his available administrative remedies before filing an action under § 1983. 42 U.S.C. § 1997e(a); *Battle v. Ledford*, 912 F.3d 708, 711 (4th Cir. 2019). However, the inmate does not need to demonstrate exhaustion in the complaint. *Custis*, 851 F.3d at 361. Rather, "failure-to-exhaust is an affirmative defense that the defendant must raise." *Id*. Nevertheless, "[a] court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies." *Id*. (observing that it is a "rare" case when failure to exhaust is apparent on face of complaint).

Our review of the record indicates that the failure to exhaust is not clear from the face of Brown's complaint. Particularly, it is unclear whether the grievance process was available to Brown. *See Ross v. Blake*, 578 U.S. 632, 642-44 (2016) (stating that an inmate "need not exhaust unavailable [remedies]" and discussing situations that render administrative remedies unavailable). Accordingly, we vacate the judgment of the district court and remand for further proceedings. We express no opinion on the resolution of the exhaustion issue or on the merits of Brown's claims. We dispense with oral argument

2

because the facts and legal contentions are adequately presented in the materials before this court and argument will not aid the decisional process.

*VACATED AND REMANDED*