**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 21-7287**

─────────────

KINDALL NEALE,

　　　　　　Plaintiff - Appellant,

　　　v.

LAWRENCE J. HOGAN, Governor of Maryland; BOYD K. RUTHERFORD, Lieutenant Governor; ROBERT L. GREEN, Secretary of Public Safety; WAYNE HILL, Commissioner of Corrections; WALTER WEST, Warden of Eastern Correctional Institution; WALTER HOLMES, Assistant Warden of Eastern Correctional Institution,

　　　　　　Defendants - Appellees.

─────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge.  (1:20-cv-01219-JKB)

─────────────

Submitted:  September 27, 2022　　　　　　　　Decided:  October 21, 2022

─────────────

Before AGEE and WYNN, Circuit Judges, and FLOYD, Senior Circuit Judge.

─────────────

Vacated and remanded by unpublished per curiam opinion.

─────────────

Kindall Neale, Appellant Pro Se.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kindall Neale, a Maryland state prisoner, appeals the district court's order granting the defendants' motion to dismiss or in the alternative for summary judgment and dismissing Neale's 42 U.S.C. § 1983 complaint under Fed. R. Civ. P. 12(b)(6). The district court dismissed Neale's complaint after ruling that he had failed to exhaust his administrative remedies for his claims as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a). For the reasons stated below, we vacate the dismissal order and remand for further proceedings.

We review de novo an order granting a Rule 12(b)(6) motion. *Feminist Majority Found. v. Hurley*, 911 F.3d 674, 685 (4th Cir. 2018). We also "review de novo a district court's dismissal for failure to exhaust available administrative remedies" as required by the PLRA. *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017).

The PLRA "mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." *Ross v. Blake*, 578 U.S. 632, 635 (2016) (quoting 42 U.S.C. § 1997e(a)). "[G]iven the PLRA's mandatory language, there is no room to excuse a failure to exhaust all available remedies, even to take into account special circumstances that might otherwise justify noncompliance with procedural requirements." *Moss v. Harwood*, 19 F.4th 614, 621 (4th Cir. 2021) (internal quotation marks omitted). "A prisoner need not exhaust remedies," however, "if they are not 'available.'" *Ross*, 578 U.S. at 636 (quoting § 1997e(a)). And the Supreme Court has recognized that an administrative remedy is not available in three circumstances: (1) when the administrative procedure "operates as a simple dead end—with officers unable or

2

consistently unwilling to provide any relief to aggrieved inmates"; (2) when the administrative procedure is "so opaque that it becomes, practically speaking, incapable of use"; or (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 643-44.

In these proceedings, the defendants moved for dismissal or in the alternative for summary judgment based on Neale's failure to exhaust his administrative remedies. In a response memorandum filed under penalty of perjury, *see* 28 U.S.C. § 1746, Neale conceded that he had failed to exhaust his administrative remedies through Maryland's Administrative Remedy Procedure ("ARP") before filing his complaint. But Neale asserted that the ARP was not available to him because correctional officers thwarted his ability to access it. Neale elaborated that, during the weeks preceding the filing of his complaint, officers failed to provide ARP forms to inmates in his housing unit. Disputing Neale's claim, the defendants submitted evidence that inmates in Neale's housing unit had filed ARP forms during the relevant period. The defendants also provided evidence showing that Neale had lodged ARP forms after filing his complaint. Relying on the defendants' evidence, the district court rejected Neale's assertion that the ARP was not available to him and dismissed his complaint under Rule 12(b)(6).

We are satisfied that the district court erred in dismissing Neale's complaint for failure to exhaust his administrative remedies. Neale offered evidence that the ARP was not available to him because correctional officers failed to provide ARP forms to inmates in his housing unit. *See Ross*, 578 U.S. at 644. While the defendants offered competing evidence, which perhaps created an issue of fact, any such issue of fact must be resolved

3

in Neale's favor at this stage.[*] *See Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (holding that court resolving exhaustion issue at dismissal stage must "look[] to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true"); *cf. Harris v. Pittman*, 927 F.3d 266, 276 (4th Cir. 2019) (emphasizing that, in assessing a summary judgment motion, the nonmoving party's version of the facts must be adopted even "in the face of documentary evidence that lends support to [the moving party's] account of events or even makes it unlikely that the [nonmoving party's] account is true" (cleaned up)).

As for the defendants' evidence establishing that Neale submitted ARP forms *after* he filed his complaint, that evidence does not prove that Neale had access to ARP forms *before* he filed his complaint. And viewing that evidence in Neale's favor—as we must at this stage—it perhaps bolsters his argument that the ARP was unavailable to him before filing his complaint. Indeed, that evidence reveals that Neale understood how to use the ARP and did so when ARP forms were available to him.

The district court may ultimately credit the defendants' evidence over Neale's evidence on the exhaustion issue after taking the appropriate procedural steps, such as conducting an evidentiary hearing. *See Small v. Camden Cnty.*, 728 F.3d 265, 268, 271 (3d Cir. 2013); *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). But it erred in doing so before then.

---

[*] Neale's evidence and the defendants' evidence on the availability of ARP forms in Neale's housing unit may not actually conflict. Neale explains on appeal that other inmates may have obtained their ARP forms before the relevant period.

4

Accordingly, we vacate the district court's dismissal order and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*