**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6649**

MICHAEL E. TORY, SR.,

Plaintiff - Appellant,

v.

CLINT D. DAVIS, Warden at Keen Mountain Correctional Center; MARCUS
ELAM, Regional Administrator for Western Region of the Virginia Department of
Corrections; LIEUTENANT B. MITCHELL, Correctional Officer; MCGLOTHIN,
Intel Officer at Keen Mountain Correctional Center; HAROLD W. CLARKE; A.
DAVID ROBINSON; W. HOWARD, Intel Officer,

Defendants - Appellees,

and

COMMONWEALTH OF VIRGINIA,

Defendant.

Appeal from the United States District Court for the Western District of Virginia, at
Roanoke.  Thomas T. Cullen, District Judge.  (7:18-cv-00393-TTC-RSB)

Submitted:  December 1, 2022                    Decided:  December 15, 2022

Before KING, WYNN, and RICHARDSON, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Michael Ellery Tory, Appellant Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael E. Tory, Sr., a state prisoner, appeals the district court's order granting summary judgment in favor of Defendants on his claims under the First and Fourteenth Amendments. The district court found that Tory had not exhausted his available administrative remedies as to some claims, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and that Tory lacked standing to bring his remaining claims. We vacate the district court's order and remand for further proceedings.

We "review[] de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 565 n.1 (4th Cir. 2015); *see Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017) (applying de novo review to "dismissal for failure to exhaust available administrative remedies"). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Jacobs*, 780 F.3d at 568 (quoting Fed. R. Civ. P. 56(a)). In determining whether a genuine issue of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Tory alleged, *inter alia*, that Defendants improperly rejected several electronic images that had been sent to Tory while he was in prison, and that Defendants failed to provide notice of the rejections. Specifically, Tory alleged that his sister sent him such

3

images on March 8, 2018, and April 5, 2018, but that he did not discover that these images had been sent to him until an April 7, 2018, phone conversation with his sister.  Tory further asserted that on July 12, 2018, an individual sent him an email, to which similar images were attached, but that he likewise did not know the attached images had been rejected until July 20, 2018, when he was able to access his email after his transfer to another facility.

The PLRA requires that inmates exhaust all available administrative remedies before filing an action challenging prison conditions in federal court.  42 U.S.C. § 1997e(a).  "[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly*," to allow the agency a full and fair opportunity to address the issues on the merits.  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  However, because "failure to exhaust is an affirmative defense under the PLRA," defendants bear the burden of establishing that a prisoner failed to exhaust his administrative remedies.  *Jones v. Bock*, 549 U.S. 199, 216 (2007).

The district court rejected Tory's claims relating to the removal of the March 8 and July 12 images, finding that Tory failed to exhaust his administrative remedies pursuant to Virginia Department of Corrections ("VDOC") policy.  Specifically, the district court found that, although Tory filed informal complaints with respect to these claims, he failed to file a regular grievance as to either, and that he did not allege that he was prevented from doing so.  However, Tory demonstrated that he filed grievances with respect to the March 8 and July 12 images and that Defendants received them.  The record also suggests that

4

Defendants rejected these two grievances at intake as untimely and that these determinations were upheld, not that Tory failed to file the grievances at all.

Moreover, Tory asserted below, as he does on appeal, that Defendants improperly rejected the two grievances at intake, rendering administrative remedies unavailable to him. *Ross v. Blake*, 578 U.S. 632, 642-44 (2016) (describing circumstances in which administrative remedies may be unavailable). Pursuant to VDOC policy at the time of Tory's grievances, a prisoner did not exhaust his administrative remedies until he filed a grievance and appealed that grievance to the highest eligible level of appeal. Defendants' rejection of Tory's two grievances at intake rendered it impossible for Tory to exhaust his administrative remedies as to the removal of the March 8 and July 12 images. Therefore, if Defendants incorrectly rejected intake of these grievances, administrative remedies may have been unavailable to Tory. Because the district court did not address Tory's arguments that Defendants thwarted his ability to exhaust his administrative remedies, we conclude that vacatur is appropriate, so that the court may consider whether the administrative process was available to Tory with respect to the removal of the March 8 and July 12 images.

We next turn to the district court's dismissal of Tory's claims regarding the rejection of images allegedly sent to him on April 5, 2018. We review de novo a district court's dismissal for lack of standing. *Episcopal Church in S.C. v. Church Ins. Co. of Vt.*, 997 F.3d 149, 154 (4th Cir. 2021). To demonstrate standing, "a plaintiff must have (1) suffered an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 155 (internal

quotation marks omitted).  "Critically, the procedural posture of the case dictates the plaintiff's burden as to standing." *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017). Because the district court dismissed these claims at the summary judgment stage, Tory could not rely on "mere allegations, but [was required to] set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion [would] be taken to be true." *Id.* (internal quotation marks omitted).

The district court found that Tory failed to offer any evidence apart from his bare assertion that he was sent an image on April 5 and that it was removed.  The district court noted that Defendants had denied that any images were removed on that date and that Defendants' denial was supported by Defendants' own assertions.  However, the district court appears to have overlooked Tory's sister's notarized affidavit, in which she explicitly stated that she had sent Tory an image on April 5, 2018.  As we have made clear, at the summary judgment stage, "[a] district court may not weigh the evidence or make credibility determinations, and is not in a position to disregard stories that seem hard to believe." *Harris v. Pittman*, 927 F.3d 266, 272 (4th Cir. 2019) (cleaned up); *see Raynor v. Pugh*, 817 F.3d 123, 130 (4th Cir. 2016) ("[W]here affidavits present conflicting versions of the facts which require credibility determinations, summary judgment cannot lie." (internal quotation marks omitted)).

Accordingly, we vacate the district court's order and remand for further proceedings consistent with this opinion.*  We deny Tory's motion to appoint counsel.  We dispense

---

* We express no opinion as to the underlying merits of Tory's constitutional claims.

with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*