**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-1844

GARY PORTER,

       Plaintiff – Appellant,

v.

PAUL C. OHAI, M.D.,

       Defendant – Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg.  Norman K. Moon, Senior U.S. District Court Judge.  (6:22-cv-00048-NKM-CKM)

Submitted:  March 7, 2025                       Decided:  May 5, 2025

Before WILKINSON, WYNN, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Seth R. Carroll, COMMONWEALTH LAW GROUP, Richmond, Virginia, for Appellant.  Rosalie Fessier, TIMBERLAKE SMITH, Staunton, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2022, Gary Porter, an inmate at Dillwyn Correctional Center in Virginia, sued Dillwyn's prison doctor, Dr. Paul Ohai. Porter alleged that Dr. Ohai was deliberately indifferent to his significant medical needs. The district court dismissed Porter's complaint, concluding that Porter failed to comply with the Prison Litigation Reform Act's administrative-exhaustion requirement. We affirm.

## I.

## A.

Virginia prisons require that a prisoner file an informal complaint within fifteen days of an incident. The prison is then supposed to provide the prisoner with a receipt of the informal complaint and to respond to the informal complaint within fifteen days.

If the prisoner receives an unfavorable response, they must submit a formal grievance within thirty days of the incident and attach proof that they submitted an informal complaint (which can include a receipt). The prisoner then has five days to appeal an unfavorable response to their formal grievance. A prisoner may also submit an emergency grievance, which may yield a quicker response from the prison but does not suffice to exhaust administrative remedies before filing suit.

In 2021, amid a dispute with Dr. Ohai regarding a blood-clotting medication, Porter submitted emergency grievances complaining about his medical care and enlisted his lawyer to contact the state Attorney General's office on his behalf. Around October 23, 2021, Dr. Ohai allegedly warned Porter that contacting lawyers to file further grievances

2

would "backfire." J.A. 567.[1] On October 25, Dr. Ohai took away Porter's wheelchair due to a "risk of chronic wheelchair dependency." J.A. 569. On October 27, Porter lost his balance, fell, and broke his shoulder.

A nurse "collaborat[ing]" with Dr. Ohai ordered that Porter be placed in medical isolation until he was "released/cleared." J.A. 208. While in isolation, Porter submitted seventeen informal complaints protesting delayed medical treatment related to his shoulder injury.

Due to the prison's Covid-19 procedures at that time, Porter's complaints "just went into a brown bag." J.A. 576. Prison officials never provided Porter with a receipt for the seventeen complaints, and the district court found after an evidentiary hearing that they "probably . . . were thrown away." Mem. Op. at 3, *Porter v. Ohai*, No. 6:22-cv-48 (W.D. Va. Aug. 2, 2024).

On November 2, after Porter had spent a week in isolation, the prison took an X-ray of his shoulder and found "abnormal" results. J.A. 234. He was sent to the hospital where surgeons operated on his broken shoulder.

On November 10, Porter was returned to Dillwyn. On November 11, he filed another informal complaint regarding his delayed medical care, and the prison later provided him with a receipt. On December 1, Porter submitted a formal grievance (attaching the receipt from his informal complaint), which was rejected for untimeliness. Porter did not appeal that determination.

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

3

B.

In August 2022, Porter filed a complaint in federal court under Section 1983, alleging that Dr. Ohai was deliberately indifferent to the serious medical needs arising from his broken shoulder.[2] Dr. Ohai moved to dismiss or, in the alternative, for summary judgment. The district court denied the motion because it concluded there was a dispute of material fact. The court accordingly allowed limited discovery and held an evidentiary hearing on the issue of administrative exhaustion.[3] It then dismissed Porter's complaint,[4] finding that administrative remedies were available to Porter under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and that Porter failed to exhaust those remedies. Porter timely appealed.

---

[2] Porter also alleged deliberate indifference regarding his blood clotting but, on appeal, does not argue that he administratively exhausted that claim.

[3] Judges may resolve the issue of administrative exhaustion under the Prison Litigation Reform Act "without the participation of a jury." *Woodhouse v. Duncan*, 741 F. App'x 177, 178 (4th Cir. 2018) (per curiam) (quoting *Small v. Camden County*, 728 F.3d 265, 271 (3d Cir. 2013)). This Court is aware of the argument currently pending before the Supreme Court that administrative exhaustion under the PLRA implicates the Seventh Amendment right to a jury trial. Brief for Respondent at 11–12, *Perttu v. Richards*, No. 23-1324 (U.S. Jan. 14, 2025), 2025 WL 234407. But Porter did not make that argument in the lower court or to us. And even if he had, we would have affirmed on the alternate ground that the district court could have properly granted Dr. Ohai summary judgment as there were no material facts in dispute.

[4] The district judge did not specify whether its dismissal was with prejudice, but we have held "that failure to exhaust under [the Prison Litigation Reform Act] should result in dismissal without prejudice." *Moss v. Harwood*, 19 F.4th 614, 623 n.3 (4th Cir. 2021) (citing *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004)). So we "affirm with the understanding that the dismissal is without prejudice." *Episcopal Church in S.C. v. Church Ins. Co. of Vt.*, 997 F.3d 149, 154 n.4 (4th Cir. 2021).

4

II.

Regarding a dismissal for failure to exhaust under the Prison Litigation Reform Act, we review a district court's factual findings for clear error when, as here, it conducts an evidentiary hearing prior to ruling. *Woodhouse v. Duncan*, 741 F. App'x 177, 178 (4th Cir. 2018) (citing *United States v. Ragin*, 820 F.3d 609, 617 (4th Cir. 2016)). We review its legal conclusions de novo. *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017).

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Porter concedes that he did not exhaust administrative remedies with respect to his deliberate-indifference claims—as he failed to appeal the denial of his formal grievance—but argues that the prison made those remedies unavailable to him by throwing away seventeen of his informal complaints while he was in medical isolation, without giving him a receipt.

The Supreme Court set forth in *Ross v. Blake*, 578 U.S. 632 (2016), three circumstances in which an administrative remedy is made unavailable. *Id.* at 643–44. Porter argues that one of those circumstances is relevant here: when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 644. According to Porter, "the record shows that Mr. Porter's attempts to exhaust his remedies were thwarted by the prison's improper handling or destruction of his complaint forms." Opening Br. at 11–12.

5

But our decision in *Moss v. Harwood*, 19 F.4th 614 (4th Cir. 2021), forecloses Porter's argument. There, we affirmed the grant of summary judgment against a prisoner for failure to exhaust because, even though the prisoner was prevented from submitting a grievance himself, his friends were able to submit a grievance on his behalf (albeit on a different issue). *Id.* at 622–23. We held that, under *Ross*, a procedure is not made unavailable through machination, misrepresentation, or intimidation if a prisoner "*was* in fact able to take advantage of the grievance system." *Id.* at 622.

Here, Porter successfully submitted an informal complaint on November 11, which was within fifteen days of his shoulder injury. And, after the prison provided him with a receipt, he successfully submitted a formal grievance on December 1. This grievance was rejected as being untimely—perhaps wrongly, as Porter filed it within thirty days of the alleged deliberate indifference—but Porter failed to appeal that grievance as required by the prison's policy. So, even though the prison likely threw away seventeen of Porter's informal complaints without providing him the receipt he needed to file a formal grievance, by later successfully submitting a timely informal complaint, Porter demonstrated that administrative remedies were available to him for his deliberate-indifference claims arising from his shoulder injury. Porter's failure to appeal his subsequent formal complaint means that his lawsuit must be dismissed.

### III.

For these reasons, we affirm.

*AFFIRMED*

6